Entered on Docket
August 30, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: August 30, 2011

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>HELLER EHRMAN LLP,<br>　　　　　　　　　　　Debtor.<br>_____<br>HELLER EHRMAN LLP, LIQUIDATING DEBTOR,<br>　　　　　　　　　　　Plaintiff,<br>v.<br>GREGORY CANYON LTD., LIMITED LIABILITY COMPANY and SERVCON-SAN MARCOS, INC.,<br>　　　　　　　　　　　Defendants.<br>_____ | Bankruptcy Case<br>No. 08-32514DM<br><br>Chapter 11<br><br>Adversary Proceeding<br>No. 10-3329DM |

MEMORANDUM DECISION REGARDING MOTION TO DISMISS
FIRST AMENDED COMPLAINT

　　On July 7, 2011, the court held a hearing on the motion of Gregory Canyon Ltd. and Servcon-San Marcos, Inc. ("Defendants") to dismiss the first amended complaint of Heller Ehrman LLP, Liquidating Debtor under a confirmed Chapter 11 plan ("Heller"). For the reasons set forth below, the court concludes there is no related to jurisdiction over this action under 28 U.S.C. §§ 157(c)(1) and 1334 in this court or the district court. Thus, the motion to dismiss will be granted.

-1-

As noted at the July 7 hearing, this adversary proceeding is not a core proceeding, notwithstanding Heller's designation of one claim for relief as a turnover action under 11 U.S.C. § 542. Whatever the label, this is not an action for turnover of estate property; it is a essentially an action to recover an account receivable, for breach of contract and quantum meruit. Turnover actions involve the "return of undisputed funds." In re Gurga, 176 B.R. 196, 199-200 (9th Cir. BAP 1994). Here, however, Defendants dispute liability to Heller; the estate's property is the claim for damages itself, which is not subject to turnover. There is no specific, identifiable fund belonging to Heller in Defendants' possession. A suit by a debtor against a non-creditor arising out of breach of contract, absent more than has been alleged here, is not a turnover action under § 542. Id.

In light of the ruling to dismiss the § 542 claim, the court observed that it has no basis for asserting core jurisdiction over the adversary proceeding under 28 U.S.C. § 157(b)(2). The court took under advisement the issue of whether it has related to non-core jurisdiction over the action.[1]

In In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988), the Ninth Circuit adopted the test set forth in Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984), for determining whether a court has related to jurisdiction: could the "outcome of [the] proceeding [] conceivably have [an] effect on the estate being administered in bankruptcy." Since then, the Ninth Circuit has narrowed the

---

[1] Section 1334(b) of title 28 confers original, but not exclusive, jurisdiction on district courts to hear "all civil proceedings arising under title 11, or arising in or related to cases under title 11."

inquiry for determining jurisdiction when the action involves a post-confirmation debtor, the situation here. In re Ray, 624 F.3d 1124, 1133-34 (9th Cir. 2010); In re Pegasus Gold Corp., 394 F.3d 1189, 1193-94 (9th Cir. 2005). The Ninth Circuit applies a close nexus test to post-confirmation proceedings: "the essential inquiry appears to be whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter." Id.

In adopting the "close nexus" test in Pegasus Gold, the Ninth Circuit followed the reasoning of the Third Circuit in In re Resorts Int'l, Inc., 372 F.3d 154, 166-67 (3d Cir. 2004), agreeing that the Pacor test "may be somewhat overbroad in the post-confirmation context."

> The [Third Circuit in Resorts] also recognized that in cases involving continuing trusts (such as litigation trusts, or, as here, a liquidating trust), trusts "by their nature maintain a connection to the bankruptcy even after the plan has been confirmed." The [Third Circuit] ultimately concluded that matters affecting "the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus."

Pegasus Gold, 394 F.3d at 1194 (citations omitted).

In Pegasus Gold, the liquidating trust created by a confirmed plan of reorganization filed an adversary proceeding against a state environmental agency, asserting that the agency's post-confirmation conduct constituted a breach of the plan and a settlement agreement executed in conjunction with the plan. The Ninth Circuit held that because those claims would require interpretation of the plan, and could affect the implementation and execution of the plan itself, the action had a sufficiently "close nexus" with the plan to justify assertion of non-core

-3-

jurisdiction.  <u>Id.</u>

In so holding, the Ninth Circuit distinguished the facts before it -- requiring interpretation and enforcement of the plan and the incorporated settlement agreement -- from those presented in <u>Resorts</u>, which involved a malpractice action filed by the liquidating trust against its accountants.  <u>Id.</u>  The Ninth Circuit indicated that when the underlying litigation does not affect implementation of a plan but merely increases assets available for distribution under the plan, related to jurisdiction does not exist.  "We specifically note that in reaching this decision, we are not persuaded by the Appellees' argument that jurisdiction lies because the action could conceivably increase the recovery to the creditors.  As the other circuits have noted, such a rationale could endlessly stretch a bankruptcy court's jurisdiction."  <u>Id.</u> at n.1, citing <u>Resorts</u>, 372 F.3d at 170; <u>In re Craig's Stores of Texas, Inc.</u>, 266 F.3d 388, 391 (5th Cir. 2001).

In <u>Ray</u>, the Ninth Circuit held that the bankruptcy court did not retain related to jurisdiction over claims brought by a would-be purchaser against the debtor and the actual purchaser following plan confirmation, even though the action involved interpretation of the bankruptcy court's sale order.  The Ninth Circuit observed that "this breach of contract action [] could have existed entirely apart from the bankruptcy proceeding and did not necessarily depend upon resolution of a substantial question of bankruptcy law."  <u>Ray</u>, 624 F.3d at 1135. Consequently, the Ninth Circuit held that no "close nexus" existed to justify related to jurisdiction.

Here, the only possible nexus between the adversary

-4-

proceeding (essentially a collection action that could have been initiated by the debtor in state court prior to bankruptcy) is the possibility that its resolution may affect the amounts ultimately distributed under the Plan. The only cause of action potentially arising under bankruptcy law, that for turnover under § 542, is being dismissed for the reasons mentioned above.

As Defendants have not filed a proof of claim, the action does not involve allowance or subordination of a claim against the estate. The action does not affect the ability of the plan administrator or Heller to administer or enforce the plan. In fact, this action does not fall within any of the fifteen categories in the plan's provision describing matters over which this court retains jurisdiction. See Article IX of the Joint Plan of Liquidation of Heller Ehrman LLP (August 9, 2010) (Docket No. 1431 in Case No. 08-32514), confirmed by this court's order entered on August 16, 2010 (Docket No. 1446 in Case No. 08-32514). Subsection (iv) of Article IX of the plan states that the court can "hear and determine any and all adversary proceedings, contested matters or applications <u>pending on the Effective Date</u>." (Emphasis added). This adversary proceeding was filed on December 27, 2010, after the Effective Date.[2]

In light of the Ninth Circuit's statements in <u>Pegasus Gold</u> and its holding in <u>Ray</u>, the court agrees with Defendants that it does not have post-confirmation jurisdiction over this state law breach of contract and account receivable claim that arose . See

---

[2] Even if the plan had contained a broader, more general retention of jurisdiction provision, such a provision may not have established the necessary close nexus. <u>Resorts</u>, 372 F.3d at 161. That question is for another day.

-5-

also, ML Servicing Co. Inc. v. Greenberg Traurig, LLP, --- B.R. ---, 2011 WL 3320916 (D. Ariz. Aug. 2, 2011) (applying Pegasus Gold and Ray, district court concluded that related to jurisdiction did not exist over post-confirmation malpractice and breach of fiduciary action brought by liquidating trustee based on pre-petition conduct of debtor's securities counsel);[3] In re The Fairchild Corp., 2011 WL 3267764 at *4 (Bankr. D. Del. July 29, 2011) ("claims based on pre-petition conduct that were asserted post-confirmation, but could have been brought prior to confirmation lack a nexus sufficient to confer jurisdiction upon the bankruptcy court"). As acknowledged by the Ninth Circuit in Pegasus Gold, the scope of a bankruptcy court's post-confirmation jurisdiction would be unlimited if the potential gain or loss of

---

[3] This decision by the Arizona district court was rendered more than one month after a decision issued by the Arizona bankruptcy court on the same issue in a different adversary proceeding arising out of the same bankruptcy case. In re Mortgages Ltd., --- B.R. ---, 2011 WL 2533295 (Bankr. D. Ariz. June 24, 2011). While the district court decision is not an appeal of the bankruptcy court's decision, it reaches the opposite conclusion. In the bankruptcy decision, the post-confirmation liquidating trust filed a state court malpractice action against the debtor's former accountants and auditors, alleging that audits prepared were materially false and misleading and deepened the debtor's insolvency. The defendants removed the action to federal court, and the bankruptcy court held that under Pegasus Gold, it had related to jurisdiction over the action. "This case concerns Debtor causes of action that the plan specifically created the Liquidating Trust to pursue for the benefit of the creditors of the estate. This litigation is therefore the part and parcel of the 'consummation, execution, [and] administration of the confirmed plan.'"

This court believes that the district court's August 2 decision adheres more closely to the Ninth Circuit's statement in Pegasus Gold that related to jurisdiction does not exist simply because the action could conceivably increase the recovery to creditors. And like the claims in Ray, the action here and the Arizona actions "could have existed entirely apart from the bankruptcy."

-6-

assets alone was sufficient to confer bankruptcy court jurisdiction. "Although a post-confirmation adversary proceeding may 'promote the efficient distribution of trust assets to creditors,' it is insufficient in and of itself to confer jurisdiction upon the bankruptcy court." Fairchild, 2011 WL 3267764 at *4.[4]

Counsel for Defendants should prepare an order granting the motion to dismiss for the reasons set forth on the record at the July 7 hearing and in this Memorandum Decision. Counsel should comply with B.L.R. 9021-1 before uploading the order.

*** END OF MEMORANDUM DECISION ***

---

[4] In their reply, Defendants contended that the Supreme Court's recent decision in Stern v. Marshall, 131 S. Ct. 2594, stripped this court of jurisdiction over this adversary proceeding. The court disagrees. In Stern v. Marshall, the Supreme Court addressed the issue of when a bankruptcy judge has the power and authority to enter final orders, and did not address subject matter jurisdiction found in 28 U.S.C. § 1334. As the court agrees with Defendants that it and the district court both lack related to subject matter jurisdiction, a bankruptcy judge's power and authority to enter findings of fact and a final judgment is not implicated. Fairchild, 2011 WL 3267764 at *5, n.14. See also Matrix Iv, Inc. v. Am. Nat. Bank & Trust Co. of Chicago, --- F.3d ---, 2011 WL 3211500 (7th Cir. 2011) ("The question before the Court in Stern was whether Article III permits the bankruptcy courts to hear and finally decide a particular type of core proceeding."); In re Polaroid Corp., 451 B.R. 493, 495 n.6 (Bankr. D. Minn. 2011) ("As Stern v. Marshall emphasizes, this is not a matter of jurisdiction. . . . Bankruptcy jurisdiction reposes in the United States District Court, under 28 U.S.C. § 1334(a). Under that grant of jurisdiction, the district court may refer bankruptcy cases and proceedings to the bankruptcy judge(s) for the district, who constitute the "bankruptcy court" for the district.").

Case: 10-03329    Doc# 28    Filed: 08/30/11    Entered: 08/30/11 13:10:48    Page 7 of 8

-8-

Case: 10-03329   Doc# 28   Filed: 08/30/11   Entered: 08/30/11 13:10:48   Page 8 of 8